WEKEARNYAN FEDERAL CREDIT UNION, PROSECUTOR,
v. LILLIAN T. ZUNA ET AL., RESPONDENTS.

Submitted January 19, 1943—Decided April 14, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the prosecutor, *Daniel Lichtenthal.*

For the respondent Board of Review of the New Jersey Unemployment Compensation Commission, *Clarence F. McGovern.*

For Federal Deposit Insurance Corporation, *amicus curiæ, Howard C. Gilmour.*

The opinion of the court was delivered by

PARKER, J.   The question for decision is whether the respondent Lillian T. Zuna is entitled as against her former employer Wekearnyan Federal Credit Union, to the unemployment benefits provided by our "Unemployment Compensation Law" of 1936, now, *R. S.* 43:21.

As pointed out in *Henry A. Dreer, Inc.,* v. *Unemployment, &c., Commission,* 127 *N. J. L.* 149, 150, the judicial agencies of the Commission are a deputy, as tribunal of first instance; and "appellate tribunal:" and finally, a "board of review." While the record of proceedings before these bodies is not set out at large in the state of the case, we gather that the

deputy allowed the claim, the appellate tribunal rejected it, and the board of review reversed the appellate tribunal and allowed it. That judicial action is now before us under the present writ.

The statutory provisions applicable to this case are to be culled from *R. S.* 43:21-19, a section of the statute over five pages long, divided into nineteen parts designated by the letters "a" to "s," inclusive; and containing a number of definitions of words used in the act. Subdivision "i" deals with the word "employment" and includes seven numbered minor subdivisions, some of which are further subdivided under capital letters of the alphabet. No. 7 begins "The term 'employment' shall not include:" (and under F) "Service performed in the employ of any other State or its political subdivisions, or of the United States government, or of an instrumentality of any other State or States or their political subdivisions or of the United States." Disregarding parts of this paragraph irrelevant to the case, it reads "The term 'employment' shall not include service performed in the employ * * * of an instrumentality * * * of the United States."

The point made for the former employer, prosecutor herein, is that it is "an instrumentality of the United States" and that the claimant is therefore not entitled to unemployment compensation. We consider this point well taken.

The Wekearnyan Federal Credit Union, organized under act of Congress, prosecutor herein, is a federal corporation. It is somewhat analogous to a national bank, and especially analogous to a farm loan bank. All these classes are authorized, and organized under the control of, the federal government. All three are "instrumentalities" of the United States. Now it seems settled that unemployment compensation is a form of taxation of employers—of eight or more persons (says the statute) and it seems also settled that the acts under which these three classes are organized exempt them from State taxation except on real estate, &c. On this point a number of cases are cited, several in the United States Supreme Court: but it is sufficient for present purposes to cite our own case of *National Newark, &c., Co.* v. *U. C. C.*, 126

N. J. L. 387, Supreme Court, decided in May, 1941. Apparently it was not appealed: so it stands as a precedent and seems in point. In that case the employee was in the service of a national bank as manager of real estate acquired apparently on foreclosure; and the reasoning of the Supreme Court was: (1) by the New Jersey act "employment" does not embrace service in the employ of an instrumentality of the United States; (2) the national bank was such instrumentality; (3) operating as such; (4) the statute of non-inclusion applied.

The character of Miss Zuna's work for Wekearnyan is not stated: presumably it was clerical in character. But the exclusion is broad and general, and if there be any exemption, it is for the party claiming compensation to invoke it. And it is to be noted that Miss Zuna did not appeal, but the case "was referred by the deputy."

The judgment of the board of review will be set aside.